ALEXANDER CORDERO
Reg. No. 05119-070
FPC-Talladega
PMB-2000
Talladega, AL 35160

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff. | ) )<br>) ) | Case No: 1:01CR10469-017-WGY |
| v. | ) )<br>) | Judge: Honorable W. G. Young |
| ALEXANDER CORDERO,<br>Petitioner, | ) )<br>) )<br>) ) | Date: August 19, 2004<br><br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF IMNATE<br>PRO-SE MOTION PURSUANT TO<br>28 U.S.C. §2255 |
| _____ | ) | |

Comes Now, the Petitioner, Alexander Cordero, acting in Pro-se, in the above numbered case.

This Memorandum of Points and Authorities is being filed in support of Motion pursuant to 28 U.S.C. §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY.

Mr. Cordero, hereby moves this Honorable Court for leave to file this motion pursuant to 28 U.S.C. §2255.

This Memorandum is based on newly decided case law and recently discovered Constitutional Law, by the Petitioner after sentencing.

## STATEMENT OF CASE

Petitioner was indicted for the offense of Conspiracy To Possess With The Intent To Distribute Cocaine in direct violation of 21 U.S.C. §846.

After arrest, but prior to sentencing, the Petitioner retained a Mr. Vocolla as his attorney.

Thru Mr. Vocolla, the Petitioner agreed to the terms of a negotiated plea agreement, where the Petitioner entered into a timely plea and accepted responsibility for his part in the crime alleged.  At this time the Petitioner was guaranteed a 3-point downward departure for the timely plea and acceptance of responsibility in accordance with U.S.S.G. §3E1.1(b).

At sentencing the District Judge adopted the report compiled by the probation office asserting the Petitioner had been arrested and requesting that no sentencing consideration be given for the "acceptance of responsibility".  There never was an arrest of the defendant as stated by the probation office and the government, and the sentencing judge adopted the recommendation and denied the Petitioner the downward departure.

Petitioner's total offense level was a 28 in a Criminal History Category of 2, facing a sentence of 87-108 months imprisonment.  Had Petitioner recieved the downward departure as agreed in the plea, he could have recieved a sentence of 63-78 months.

On June 19, 2003 the Honorable W.G. Young imposed a sentence of 87 months imprisonment with a term of supervised release of 60 months to follow.

Petitioner then filed an appeal in the United States Court of Appeals For the First Circuit, appeal No. 03-1967.  At this point

thru Darla Jean Mondou, Attorney at Law, a judgement was entered on April 7, 2004, by the United States Court of Appeals For the First Circuit, stating it ordered the appeal be voluntarily dismissed pursuant to Fed.R.App.P. 42(b).

It is for this reason the Petitioner is filing his 2255 Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C..

Petitioner alleges the district court erred in it's sentencing procedure, denying the Petitioner his Sixth Amendment right to a jury determination, a direct violation of his Constitutional rights.

Petitioner alleges ineffective assistance on behalf of his counsel for failure to bring forth witness' to testify on behalf of the Petitioner and failure to provide adequate assistance.

Petitioner contends he should be resentenced less the 3-point downward departure as originally agreed in the plea negotiated by Attorney Vocolla and the government.

## ARGUMENT 1

**PETITIONER ALLEGES THE DISTRICT COURT DENIED HIM HIS DUE PROCESS RIGHTS BY USING THE PREPONDERANCE OF THE EVIDENCE STANDARD TO DETERMINE HIM INELIGIBLE FOR THE "ACCEPTANCE OF RESPONSIBILITY" DOWNWARD DEPARTURE, WHICH HAD AN EXTREMELY DISPROPORTIONATE EFFECT ON HIS SENTENCE.**

The district judges sentencing procedure deprived the petitioner of his Sixth Amendment right to a trial by jury and to have a jury determine beyond a reasonable doubt all the facts essential to his sentence by solely making the decision to take away the "acceptance of responsibility (3-point reduction)".

When a judge inflicts punishment that a jury's verdict alone does not allow, the jury has not found all the facts, "which the law makes essential to the punishment" the judge exceeds his proper authority.

The sentencing court may not make any findings that have the result of increasing the range of punishment to which the defendant is subjected.

Recently in **Blakely v. Washington**, No. 02-1632 (decided 06-24-04) the United States Supreme Court is saying, in no uncertain terms, that any facts, including sentencing factors, that the sentencing court relies upon to increase the range of imprisonment, must be submitted to a jury. The court shall not rely on reports compiled by the probation office who the judge thinks more than likely got it right than got it wrong. The Court "should" rely on facts proven to a jury (of ones peers) beyond a reasonable doubt.

The defendant must waive his Sixth Amendment rights to a jury trial in order that the sentencing court grant any sentencing enhancement beyond that which is authorized by the defendant's admission of guilt or a jury verdict.

The precedent **Blakely** sets, is clear, that the "statutory maximum" for **Apprendi** purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or that admitted by the defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge can impose after finding additional facts, but the maximum he may impose **without** any additional findings.

The court emphasized the limited role of the sentencing court in making findings that would authorize an increase in the defendant's sentence. ("Whether the judicially determined facts require a sentence enhancement or merely allow it, the verdict alone does not authorize the sentence.") The Court emphasized the Constitutional nature if it's ruling: "Because the State's sentencing procedure did not comply with the Sixth Amendment, the Petitioner's sentence is invalid.

Again, the sentencing court may not make any findings that have the result of increasing the range of punishment to which the defendant is subjected. Consequently, the district court may not enhance a defendant's guideline range by making findings at the sentencing hearing.

The **Blakely** Court said that **Apprendi** "replaced" the "regime" of the guidelines

> in which a defendant, with no warning in either his indictment or plea, would routinely see his maximum potential sentence balloon from as little as five years to as much as life imprisonment, see 21 U.S.C. § 841(b)(1)(A),(D), based not on facts proven to his peers beyond a reasonable doubt, but on facts extracted after trial from a report compiled by the probation office.

In **Blakely**, Justice Scalia states above that Apprendi **replaced** the "regime" where the trial court can sentence a defendant for relevant conduct on the basis of a preponderance of the evidence.

If Apprendi "replaced" the old sentencing regime, **Blakely** is not a new rule - Apprendi the "replacer" is.

Petitioner's adjusted offense level (subtotal) was a 28, had he recieved the downward departure for the acceptance of responsibility, it would have been a total offense level of 25.  Under U.S.S.G. § 3E1.1(b) the petitioner was eligible for a 2 level reduction for the acceptance of responsibility and a 1 level reduction for the timely plea, bringing his total offense level to a 25.  Petitioner did notify authorities of his intention to enter into the plea and did admitted immediately to his involvement in the instant offense.

Petitioner was denied the downward departure on the basis of the report filed by the probation office, in complete violation of his right to have a jury determine the essential facts in imposing his sentence.  Just as in **Blakely**, petitioner's sentence should be vacated and resentenced at the total offense level of 25.

## ARGUMENT 2

### SENTENCE MUST BE SET ASIDE WHERE DEFENDANT DEMONSTRATED THAT FALSE INFORMATION FORMED PART OF THE BASIS FOR THE SENTENCE, THUS DENYING PETITIONER HIS RIGHT TO DUE PROCESS.

In order for a sentence to be set aside because it was based on on false information, the defendant must show that the information before the sentencing court was false and the sentencing court relied on this information in passing sentence.

The district court's denial of the "acceptance of responsibility" was clearly erroneous. Denial of this downward departure was based on the probation officer's pre-sentence report. On page 14 of the addendum, the probation office asserts that the defendant/petitioner was arrested by the Cranston Police Department. Later in the pre-sentence addendum, paragraph 69(a) Assistant U.S. Attorney Brieger it is stated, has informed the probation office that the defendant was not "charged", nor were there any drugs found in the possession of the defendant/petitioner. There never was an arrest at the time the incident with the Cranston Police Department occured. The denial of the acceptance of responsibility was based on mere unconfirmed suspicion and the hearsay of a confidential informant who was looking out for his own interest. Please see Exhibit A (Cranston Police Department Report) attached.

District Court erred by adopting the recommendation of the probation office that no sentencing consideration for the "acceptance of responsibility" be given on the basis of the October 17, 2002 arrest, an arrest that never occured.

The government has the burden of proving by a preponderance of the evidence, facts relevant to sentencing. By not proving beyond

a reasonable doubt any sentencing factor, this Court has denied the petitioner his right to due process, a direct violation of his Sixth Amendment right to a jury determination all the facts essential to his sentence. Please see: **Blakely v. Washington**, No. 02-1632 decided 06-24-04; **Apprendi v. New Jersey**, 530 U.S. 466, 490, "any fact other than recidivism, that increases the penalty of a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt".

It has been well established, that a sentence is invalid if it is based upon "improper or inaccurate information." **Dorszynski v. United States**, 418 U.S. 424, 431 n.7, 94 S.Ct. 3042, 3047 n.7, 41 L.Ed.2d 855 (1974); **Townsend v. Burke,** 68 S.Ct. 1252, 92 L.Ed. 1690 (prohibiting consideration of false information); **United States v. Weston**, 448 F.2d 626, 634 (9th Cir. 1971), 92 S.Ct. 748, 30 L.Ed.2d 749 (1972)(trial court may not rely on information contained in the pre-sentence report "unless it is amplified by information such as to be persuasive of the validity of the charges made there).

The sentencing judge may appropriately conduct inquiry broad in scope, largely unlimited as to the kind of information he may consider, or the source from which it may have come. We have, however, sustained due process objections to sentences imposed on the basis of "misinformation of constitutional magnitude". See; **United States v. Tucker**, 30 L.Ed 2d 592, 92 S.Ct. 589; **Townsend v. Burke**, supra.

The misinformation, in this case, even if corrected down the line in the pre-sentence report, is of constitutional magnitude, and should be presumed to contaminate the mind of those who read it, including sentencing judge. There was no arrest as stated in the pre-sentence report, this was "misinformation" and did have an adverse affect on the petitioner's sentence.

-5-

In **Townsend**, "the Supreme Court held that the due process clause was violated when a defendant...'was sentenced on the basis of assumptions concerning his criminal record which were materially untrue.'" In the case at hand, as in **Townsend**, the pre-sentence report was prejudicial and was certainly material, as the petitioner was denied his "acceptance of responsibility" as agreed in the plea prior to sentencing.

The Petitioner asserts that it was improper for the sentencing judge to rely on the mis-information in the pre-sentence report and that counsel for the defense should have never allowed misinformation to be included in the damaging report.

The Advisory Committee on Sentencing and Review of the American Bar Association has recognized that arrests and other dispositions short of an adjudication can be misleading and would not provide for their inclusion in the presentence report. A.B.A. Project on Standards for Criminal Justice, Probation 37 (approved draft), 1970.

Petitioner asserts the conviction to be valid, it is the sentence which he attacks in this motion. Petitioner ask that he be resentenced, with the District Court relying only on information contained in the presentence report if it is amplified by information such as to be persuasive of the validity of the charge there made.

It is prejudicial that once a defendant has been convicted of an offense 1, a prosecuting attorney can say to the probation officer, and the probation officer can say to the judge, "We think that this individual is guilty of another crime 2, although all we have is an informer's report," and the judge can then say to the defendant, "You say it isn't so; prove that to me!" In addition to the difficulty of "proving a negative," Petitioner asserts it a great miscarriage of justice to expect Petitioner to assume the burden and expense of

-6-

proving to the Court that he is not guilty of a crime an anonymous informant claims he is.

Where a trial judge, in exercising his sentencing discretion, relies on evidence of prior convictions that is false, or mistakenly believes that the presentence report shows prior convictions when it does not, the defendant has been deprived of due process and the sentence must be vacated. **Townsend Burke**, 1948, 334 U.S. 736, 740-741, 68 S.Ct. 1252, 92 L.Ed. 1690; **U.S. v. Malcom**, 2nd Cir., 1970, 432 F. 2d 809; **U.S. ex rel. Jackson v. Myers**, 3rd Cir., 1967, 374 F. 2d 707, 710-712.

Where there exists a reasonable probability that a trial judge imposed a heavier sentence because of prior uncounseled convictions invalid under **Gideon v. Wainwright**, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, this Court ordered the sentence be vacated and the case be remanded for resentencing without the consideration of the invalid convictions.

In assessing prejudice, the appropriate question is "whether there is a reasonable probability that, absent the error (misinformation in P.S.I.R.), the factfinder would have had a reasonable doubt that the petitioner had been arrested during pre-sentence release or continuing in a criminal behavior. This standard of proof is not as high as the standard applied to a motion for a new trial based on newly discovered evidence under Fed.R.Crim.P. 33. Since there was no arrest and the police report states so, there is no doubt that a jury would not have found the petitioner guilty of anything other than the original charge he was to be sentenced for.

It is well established, that a sentence is invalid if it is based on "improper of inaccurate information". **U.S. v. Campbell**, 684 F. 2d 153

Petitioner contends that he was sentenced on the basis of prejudicial and willfully false material supplied by the probation officer.

"The Supreme Court held that the due process clause was violated when a defendant.. 'was sentenced on the basis of assumptions concerning his criminal record which were materially untrue.'" United States v. Bass, 535 F. 2d at 118 (quoting Townsend v. Burke, 334 U.S. at 471, 68 S.Ct. at 1255).

The Constitution requires that counsel in a criminal case act "in the role of an active advocate in behalf of his client, [rather than] that of an amicus curiae." Anders v. California, 386 U.S. 738, 744,, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

U.S. v. Brown, 79 F.3d 1550 (11th Cir. 1996) The exercise of federal government power to criminalize conduct and thereby to coerce and to deprive persons, by government actions, of their liberty, reputation, and property, must be watched carefully in a country that values the liberties of it's private citizens, never can we allow federal prosecutors to make up the law as they go along.

Allow we live in a fallen world, "bad men, like good men, are entitled to tried and sentenced in accordance with the law. See; Green v. U.S., 365 U.S. 301, 309, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961)

Petitioner believes the prosecutor knew he had not been arrested yet still allowed the false information to find it's way into the presentence report, whether this be vindictiveness or misconduct, it is said in U.S. v. Doe, 860 F.2d 488 (1st Cir. 1988), "Prosecutor does not represent an entity whose interests include winning at all costs; prosecutor's client is society, which seeks justice not victory."

In light of **Blakely**, and **Apprendi**, supra, it can not be said that the error here is harmless. There was not an inkling of evidence to support a finding [beyond a reasonable doubt] that the Petitioner had been arrested during pre-trial release. Additionally, the indictment failed to put him on notice that he was being charged for this allegation.

The combined effect prejudiced Petitioner in a substantial way. Had he known he was going to be tried via judge on this issue, and that he had the constitutional right to have a trial by jury to consider this element, he most certainly would have exercised this right!

"When state court guilty plea is alleged to be constitutionally invalid because the defendant was not told of or was misinformed about sentencing information requisite to an informed plea, issue was whether defendant was aware of possible sentencing possibilities and, if not, whether acurate information would have made any differance in his decision to enter a plea." **Hunter v. Fogg**, 616 F.2d 55, United States Court of Appeal For the Second Circuit.

ARGUMENT 3

DEFENSE ATTORNEY'S FAILURE TO REQUEST EVIDENTIARY HEARING
OR FAILURE TO CALL WITNESS' TO CHALLENGE INFORMATION CONTAINED
IN PRESENTENCE REPORT WAS PREJUDICIAL TO PETITIONER CONSTITUTING
A CLEAR INSTANCE OF INEFFECTIVE ASSISTANCE OF COUNSEL, THEREFORE
REQUIRING RELIEF UNDER 28 U.S.C. §2255

Counsel's failure to call forth witness' to dispute allegations regarding defendant/petitioner's alleged arrest was prejuducial as anyone reading the presentence report containing this misinformation, would contaminate their mind.

In the **United States v. Matthews**, 773 F. 2d 48, it states, "It is the defense counsel's responsibility to request an evidentiary hearing on allegations that the presentence report contains inaccurate information".  Also stated **Baker v. United States**, 4th Cir. 1968, The Fourth Circuit setting down minimum disclosure rules for pre-sentence reports, recently stated that "[no] conviction or criminal charge should be included in the report, or considered by the court, unless referable to an official record".

Counsel offered no strategic justification for his failure to investigate this matter or to call witness' to verify there was no arrest of petitioner while out on presentence release.  He may have mentioned it at the sentencing, but by that time, petitioner believes it to be to late and information should never have been allowed into the report.

In ineffective assistance of counsel claims, the defendant need only show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  See; **Government of virgin Islands v. Lima**, 774 F.2d 1245, 104 S.Ct. at 2068.

There is no doubt that the misinformation in the presentence report is the reasoning for the District Court to disallow the 3-points for timely plea and Acceptance of Responsibility, therefore,

counsel's failure to dispute the material was prejudicial to the petitioner and should be deemed ineffective assistance of counsel.

Counsel should be aware of the American Bar Association's Advisory Committee on Sentencing and Review in their point that arrests and dispositions short of adjudication can be misleading and would not provide for their inclusion in the presentence report.

In **Gardner v. Florida**, 430 US 349, 51 L.Ed 2d 393, 97 S.Ct. 1197, the United States Supreme Court vacated sentence, remanding it due to errors in the presentence report.

"Failure to investigate potentially corroborating wittnesses.. can hardly be considered a tactical decision", **Sullivan v. Fairman**, 819 F.2d at 1389; **Nealy v. Cabana,** 746 F.2d 173, 1175 (5th Cir. 85) "At a minimum, counsel has the duty to interview potential witnesses and to make an independent investigation of the facts."; **Thomas v. Lockhart**, 738 F.2d 304, 308 (8th Cir. 1984)(investigation consisting solely of reviewing prosecutor's file "fell short of what a reasonably competent attorney would have done. Petitioner asserts that counsel for the defense should have brought forth witnesses to corroborate his defense in regards to the arrest that never took place, as he did not, petitioner now suffers.

Petitioner contends that had his counsel brought forth witnesses from the police department, it is reasonably probable that outcome would have been altered by the presentation of such witness.

To be honest with the Court, the Petitioner asserts that his attorney never took the time to see him in his (attorney's) office. Every meeting took place in the parking lot of attorney's office as attorney always seemed to be busy, and every meeting consisted of minutes...most of the time meeting between client and attorney was attended by someone other than the attorney (secretary or friend of

-11-

attorney who worked in the same office). Petitioner can honestly say he has never been in the office of his attorney and a total of approximately one hour was spent discussing the case and defense strategy. Petitioner is not sure if his attorney knew prior to sentencing that he was not about to recieve his acceptance of responsibility, if so, them there was a failure to advise the client of the judges decision to change his mind.

The government bears the burden of proving, beyond a reasonable doubt, facts relevant to sentencing, in the instant case, they did not. The Petitioner asserts he has a right to an evidentiary hearing on this issue as the application of "reasonable-doubt" standard in a criminal case is required as a matter of due process.

The presumption of innocence must remain until such a time a jury is convinced that the government proves the offense beyond a reasonable doubt. The sentencing Court is obligated to make a specific finding of fact that the defendant intended to actually produce any such drug as the government contends and shall not rely on hearsay evidence as mere unconfirmed suspicion should not be criteria for the denial of the acceptance of responsibility 3-point reduction.

-12-

PETITIONER WAS PREJUDICED BY THE GOVERNMENTS BREACH OF PLEA
AGREEMENT AND COUNSEL'S FAILURE TO ADDRESS THIS AT SENTENCING OR
HIS FAILURE TO REQUEST EVIDENTIARY HEARING IN REGARDS TO BREACH
OF PLEA

U.S. v. De La Fuente, 8 F.3d at 1337, "Plea agreements are contractual in nature and are measured by contract law standards.", quoting U.S. v. Keller, 902 F.2d 1391, 1393 (9th Cir. 1990). The Petitioner has demonstrated cause for prejudice by governments breach of plea agreement and at the same time shown ineffective assistance of counsel for counsel's failure to bring forth a breach of plea agreement charge to the attention of the district court at time of sentencing, thus denying him his Sixth Amendment rights

It should be obvious that among the constitutional limitations that "when a plea rests in any significant degree on a promise or agreement with the prosecutor...such promise shall be fulfilled" see Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427. Such a breach implicates the constitutional guarantee of due process, please see; Mabry v. Johnson, 467 U.S. 504, 509-510, 104 S.Ct. 2543, 2547-48, 81 L.Ed.2d 437 (1984). Breaching the terms of a plea agreement-and, in doing so, violating the due process requirement established in Santobello, supra, is not a legitimate governmental purpose.

"When promises are made by the public prosecutor or with his authority, the court will see that due regard is paid to them, and the public faith which has been pledged him is duly kept." U.S. v. Levasseur, 846 F.2d at 979.

When the government comes into court, however, the "due process clause" of the Fifth Amendment to the Constitution requires that it be subject to the same fundamentally fair treatment as it is accorded any other litigant. Simply put, this means like any other litigant

-13-

the government may be held to it's representations made during the course of litigation.  To not hold to it's agreement is dishonorable.

In the **U.S. v. Papaleo**, it was said, "When the court approves a plea of guilty pursuant to a plea agreement, thus depriving the defendant of his/her liberty without a trial, the constitution is implicated, see **Mabry v. Johnson, supra**.  Due process concerns may also arise prior to the entry of a guilty plea when the defendant detrimentally relies upon the government's promise.

While plea agreements are matter of criminal jurisprudence, most courts, have held that they are also subject to contract principles. **U.S. v. Kingsley**, 851 F.2d 16, 21 (1st Cir. 1988)(using contractual analysis to enforce plea agreements and award "benefit of the bargain); **U.S. v. Read**, 778 F.2d 1437, 1441(9th Cir. 1985)(plea bargain is contractual in nature and is measured by contract-law standards, **U.S. v. Baldacchino**, 762 F.2d 170,179 (1st Cir. 1985(plea bargains are subject to contract law principles insofar as their application will insure the defendant what is reasonably due him); **U.S. v. Fields**, 766 F.2d 1161, 1168 (7th Cir. 1985)("plea bargain is a contract"); also **Correale v. U.S.**, 479 F.2d 944,947 (1st Cir. 1973)("most meticulous standards of both promise and performance must be met by prosecutors engaging in plea bargaining").

"Sentencing judge has an awesome responsibility.  He has the right to expect that the prosecutor and the probation department, at least give him all the relevant facts within their ken; half truths and evasions will not do." **U.S. v. Hogan**, 862 F.2d at 389 (1st Cir.)

**U.S. v. Wright**, 873 F.2d at 441 (1st Cir. 1989) "A guilty plea based on a promise by the prosecutor is invalid if the promise is not kept, quoting **Santabello, supra**.

U.S. v. Doherty, 867 F.2d at 72 (1st Cir. 1989) quoting Santobello, supra, "When a guilty plea rests on any promise of agreement, the agreement "must be fulfilled" os the plea invalid".

Panzardi-Alvarez v. U.S., 879 F.2d at 986 (1st Cir. 1989) "The government may not breach any term of a plea agreement which induced the defendant to plead guilty, quoting Santobello.

The Petitioner has brought forth numerous cases in support of his allegation that the plea agreement was breached. The Court may think that the police report (Exhibit A) or prosecutor's allegation that Petitioner continued in a criminal manner, should be reason enough to deny the "acceptance of responsibility", but the truth is, the police report in itself is contradictory. It may say that the officer saw the defendant throw a half marijuana cigar into the car's counsel, but it also states there was no contraband found. If there was a marijuana cigar, why couldn't the officer who saw the Petitioner throw it into the counsel find it? He wasn't arrested because there was no reason for an arrest. Petitioner contends there was no cigar.

Why didn't counsel for the defendant bring this up in Court, or ask for an evidentiary hearing on behalf of his client in order to obtain the acceptance of responsibility promised him in the plea agreement.

## CONCLUSION

First, **Blakely** is applicable to all case "pending on direct review or not yet final" as of June 24, 2004. See Griffith v. Kentucky, 749 US 314, 328 (1987). A case is "final" when "a judgement of conviction has been rendered, the availability of appeal exhausted, and the time for a petition of certiori finally denied."

Petitioner has yet to exhaust his timely filing of Motion under 28 U.S.C. 2255 as his direct appeal has been recently voluntarily dismissed. Please see attached Judgement dated April 7, 2004 from United States Court of Appeals For the First Circuit. Petitioner has never waived a **Blakely** claim.

**Blakely** should be viewed as merely an application of the rule announced in **Apprendi**, and under Teague v. Lane, 489 US 288 retro-activity applies. **Blakely** is not considered a "new constitutional rule" as **Apprendi** is the dictator.

Based upon the foregoing authorities, the Petitioner, Alexander Cordero, requests that this Honorable Court, correct the sentence challenged by applying the 3-point downward departure to the offense level that Petitioner was sentenced in and sentence accordingly.

Petitioner contends that **Blakely** should govern here and begs this Honorable Court to adhere to the Supreme Court's recent ruling in **Blakely**.


Dated: August 19, 2002                    Respectfully submitted,

                                          Alexander Cordero
                                          Alexander Cordero