**"EXHIBIT A"**

**Cranston Police Department**
**Officer's First Report**

CR#02-36128
Date: 09-27-02
Detective Paul Saccoccia #256

On 09-27-02, members of the Special Investigations Unit (SIU) met with a confidential informant (CI) who wishes to remain anonymous for fear of his/her safety. The CI stated that a subject known to the CI as Alex was in the business of selling crack cocaine and that the CI believed that he/she could have a quantity of cocaine deliver to the McDonald's restaurant located at 923 Cranston St., Cranston, Rhode Island. The CI agreed to make a controlled telephone call to Alex under my direction for the purposes of ordering twenty-one (21) grams of cocaine and having Alex deliver to McDonalds restaurant.

The CI then called a male subject who responded to the name of Alex. The CI and Alex entered into a drug related conversation at which time Alex agreed to meet the CI at McDonald's restaurant for the purposes of selling the CI twenty-one (21) grams of cocaine. We set-up a surveillance of this parking lot and the surrounding area. The CI had furnished the surveillance teams with a description of Alex as being crippled and that he drove a red BMW SUV. I was driving on Oneida St. when I observed RI Reg. YX-332, a red BMW meeting with a blue Maxima. I watched the two vehicles and after a short period of time, the vehicles left the area in separate directions. Within a couple of minutes, members of the surveillance team observed RI Reg. YX-332 drive into the parking lot of McDonalds. He pulled to the rear of the lot and parked. Members of the SIU approached this vehicle. Upon me approaching the passenger's side, I observed the driver who was later identified as Alex/Cordero. I observed him throw a half-burnt marijuana cigar in the center console. At this point Alex was taken into custody.

Once Alex was in custody, I [illegible] stated that we suspected he might have cocaine on his person. I then read Alex his constitutional rights and I then asked [illegible] any contraband either on his person or in his vehicle. Alex stated that [illegible] [illegible]. Alex was then transported into HQ. Alex's vehicle was searched and no contraband was found. The vehicle was left in the parking lot.

Once at HQ, I met with Alex. He stated that he did not have any contraband on his person however, he did admit having a conversation with a male subject about meeting him at the McDonald's restaurant for the purposes of Alex selling him cocaine. Alex stated that he did not bring the cocaine with him because he was suspicious due to the fact that the subject that was going to buy the cocaine has never purchased that quantity from him before. Alex stated that he had a second vehicle trailing him with the cocaine. Alex was released pending further investigation.

Det. Paul Saccoccia #256

01-10469
USDC/MA
Young, W.

# MANDATE

# United States Court of Appeals
## For the First Circuit

No. 03-1967

UNITED STATES

Appellee

v.

ALEXANDER CORDERO, a/k/a Crippled Alex

Defendant - Appellant

**JUDGMENT**
**Entered: April 7, 2004**

Upon consideration of appellant's motion,

It is hereby ordered that this appeal be voluntarily dismissed pursuant to Fed. R. App. P. 42(b).

Mandate to issue forthwith.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

_/s/ George Kretas_
Deputy Clerk

Date: 4/7/04

By the Court:

Richard Cushing Donovan, Clerk

By_____**MARK R. SYSKA**_____
Chief Deputy Clerk

[cc: Dina Michael Chaitowitz, Esq., Darla Jean Mondou, Esq., Heidi E. Brieger, Esq., Alexander Cordero]

Alexander Cordero
Reg. No. 05119-070
PMB-2000
Talladega, AL. 35160

FILED
    OFFICE

2004 NOV 12 P 2: 14

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| ALEXANDER CORDERO )<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>    Respondant. )<br>)<br>_____ ) | Case No: 1:04-cv-11857<br><br>Judge: Honorable William G. Young<br><br>Date: November 3, 2004<br><br>MOTION REQUESTING ISSUANCE FOR A CERTIFICATE OF APPEALABILITY |

Comes Now, the Petitioner, Alexander Cordero, acting in Pro-se Hereby requests that this Honorable Court issue a Certificate of Appealability in regards to the above numbered case.

On August 23, 2004 a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. Section 2255 was filed in this Court.

On September 29, 2004 an Electronic Order was entered dismissing the previously filed 2255 Motion. The docket text states that the Petitioner failed to bring forth issues on direct appeal, the truth is the Petitioner appealed to the United States Court of Appeals for the First Circuit, Case No. 03-1967. At this time the United States Court of Appeals for the First Circuit in Judgement entered April 7, 2004, ordered the Appeal be voluntarily dismissed pursuant to Fed. R.App.P. 42(b), and advised Petitioner Cordero to pursue relief via a Motion 2255 (See Attachment).

Pursuant to Rule 22(b) of the Federal Rules of Appellate Proc., it is necessary for a certificate of Appealability to be issued before the Petitioner may appeal to this Honorable Court from the

denial of the previously filed Motion 2255.

In it's Electronic Filing, this Court stated a C.O.A. will be issued on the Blakely issue due to it's unsettled nature.

The question the Petitioner asks is, if the Blakely issue is still unsettled, the how can any Court state it would not be retroactive, as this Court did in it's Electronic Filing?

Petitioner basically requests the issuance of the Certificate of Appealability for the reasons stated in the Petitioner's 2255 Motion regarding Blakely.

Petitioner requests instructions as to the procedure one must follow in order to recieve the Certificate of Appealability. Must one submit an Afidavit in Support of Petition for Issuance of certificate of appealability? A Petition for issuance of certificate of appealability?

Petitioner asks the Court these questions as he is not an attorney, nor is he familiar with the rules of the Court.

Dated: November 5, 2004                Respectfully submitted,

                                       _____
                                       Alexander Cordero

# United States Court of Appeals
## For the First Circuit

No. 03-1967

UNITED STATES

Appellee

v.

ALEXANDER CORDERO, a/k/a Crippled Alex

Defendant - Appellant

**JUDGMENT**
Entered: April 7, 2004

Upon consideration of appellant's motion,

It is hereby ordered that this appeal be voluntarily dismissed pursuant to Fed. R. App. P. 42(b).

Mandate to issue forthwith.

By the Court:

Richard Cushing Donovan, Clerk

By **MARK R. SYSKA**
Chief Deputy Clerk

[cc: Dina Michael Chaitowitz, Esq., Darla Jean Mondou, Esq., Heidi E. Brieger, Esq., Alexander Cordero]

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Bell, Marie entered on 10/5/2004 at 10:42 AM EDT and filed on 9/29/2004
Case Name: Cordero v. United States of America
Case Number: 1:04-cv-11857
Filer:
Document Number:

Docket Text:
Judge William G. Young : ELECTRONIC ORDER entered re [1] Motion to Vacate/Set Aside/Correct Sentence (2255) filed by Alexander Cordero. THIS PETITION IS DISMISSED SUA SPONTE: 1. BLAKELY v. WASHINGTON, EVEN IF IT WERE TO APPLY TO THE U.S.S.G. IS NOT RETROACTIVE. IT WAS PETITIONER'S OBLIGATION TO RAISE THIS ISSUE ON DIRECT APPEAL AND HE HAS NOT DONE SO. 2. THE ALLEGATIONS OF INEFFECTIVE ASSISTANCE OF COUNSEL ARE FRIVOLOUS AS THE PLEA COLLOQUY AND SENTENCING HEARING WERE THOROUGH AND ACCURATE. 3. A COA WILL ISSUE ON THE BLAKELY ISSUE DUE TO ITS UNSETTLED NATURE. cc/cl.(Bell, Marie)

The following document(s) are associated with this transaction:

1:04-cv-11857 Notice will be electronically mailed to:

1:04-cv-11857 Notice will not be electronically mailed to:

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Bell, Marie entered on 11/16/2004 at 3:14 PM EST and filed on 11/15/2004
Case Name:  Cordero v. United States of America
Case Number: 1:04-cv-11857
Filer:
WARNING: CASE CLOSED on 10/05/2004
Document Number:

Docket Text:
Judge William G. Young : ELECTRONIC ORDER entered granting [3] Motion for Certificate of Appealability. cc/cl. (Bell, Marie)

The following document(s) are associated with this transaction:


1:04-cv-11857 Notice will be electronically mailed to:

1:04-cv-11857 Notice will not be electronically mailed to:

Alexander Cordero
05119-070
PMB -2000
Talladega, AL 35160